## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| LMN Industries, Inc., a Minnesota corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>American Medical Services, Inc., a Michigan Corporation, d/b/a Aleva Stores,<br><br>      Defendant. | CIVIL NO. _11·1424 PAM/FLN_<br><br><br>**COMPLAINT (JURY TRIAL DEMANDED)** |

Plaintiff LMN Industries, Inc. ("LMN") states the following for its complaint against Defendant American Medical Services, Inc., dba Aleva Stores ("Aleva").

### INTRODUCTION

1. This is an action at law and in equity for trademark infringement, injury to business reputation, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S. C. §§ 1051, et. seq. ("Lanham Act"), the fair business practices and unfair and deceptive trade practices acts of several states, and the common law.

2. LMN is the owner of the trademark SOX APPEAL, which is and has been used in connection with socks and retail stores devoted to socks and related merchandise.

3. Aleva is using the trademark "SOCKSAPPEAL.COM" in connection with socks, stockings, and related retail and merchandise.

SCANNED

JUN  1 2011

U.S. DISTRICT COURT MPLS

4. Aleva is doing so despite being fully aware of LMN's use and federal registration of LMN's trademark SOX APPEAL.

5. Aleva's website, promotional efforts, retail operations, and merchandise are likely to cause confusion and to deceive consumers and the public regarding their source or affiliation.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has subject-matter jurisdiction over LMN's related state and common-law claims under 28 U.S.C. §§ 1338 and 1367.

7. This Court has personal jurisdiction over Aleva because Aleva has distributed and sold infringing merchandise within the state of Minnesota, has engaged in acts or omissions within this state causing injury, has engaged in acts or omissions outside of this state causing injury within this state, has manufactured or distributed products used within this state in the ordinary course of trade, or has otherwise made or established contacts with this state sufficient to permit the exercise of personal jurisdiction.

8. This District is a proper venue under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to LMN's s claims occurred in this District.

## THE PARTIES

9.      LMN is a corporation duly organized and existing under the laws of Minnesota, having its office and principal place of business at 9751 Cupola Lane, Eden Prairie, Minnesota 55347.

10.     On information and belief, Aleva is an unregistered trade name of American Medical Services, Inc., a Michigan corporation, having its principal place of business at 1827 Northfield Drive, Rochester Hills, Michigan 48309, which does business under the name "SocksAppeal.com."

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     LMN is currently, and for years has been, a retailer and producer of socks and related merchandise offered under the trademark SOX APPEAL (the "SOX APPEAL Trademark").

12.     LMN is the owner of a federal trademark registration, Reg. No. 1457782 issued by the United States Patent and Trademark Office on September 15, 1987, for "retail store services in the field of sox and hosiery."  Affidavits have been filed under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as Exhibit A.

13.     LMN is the owner of a federal trademark registration, Reg. No. 1530923, issued by the United States Patent and Trademark Office on March 21, 1989, for "women's hosiery."  Affidavits have been filed under Sections 8 and 15 of the Lanham

Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as Exhibit B.

14.     LMN has extensively and continuously used and promoted the SOX APPEAL Trademark in connection with its business. The SOX APPEAL Trademark has been used in interstate commerce for over twenty-seven years.

15.     Since the introduction of the SOX APPEAL Trademark, LMN and the previous owners of the SOX APPEAL Trademark have spent significant time and money promoting the mark and products bearing the mark. As a result of this continuous and exclusive use of the SOX APPEAL Trademark in connection with the associated goods and services, LMN owns valuable goodwill that is symbolized by the SOX APPEAL Trademark.

### ALEVA'S UNLAWFUL ACTIVITIES

16.     Well after LMN's first use of its SOX APPEAL Trademark, Aleva adopted and began using the confusingly similar trademark, SocksAppeal.com (the "SOCKSAPPEAL.COM Trademark"), which incorporated the phonetic equivalent of LMN's SOX APPEAL Trademark in connection with socks and stockings retail services.

17.     On March 15, 2011, LMN informed Aleva that LMN owned the rights to the SOX APPEAL mark. On March 23, 2011, Aleva submitted a proposal to license the SOX APPEAL trademark. A copy of the proposal is attached hereto as Exhibit C.

18.     Apparently dissatisfied with the discussions, Aleva began a surreptitious effort to attempt to obtain rights to use the name "SOCKS APPEAL" in connection with the very products, socks and stockings, for which it had asked LMN for rights.

19.     On April 27, 2011, Aleva filed an application to register the SOCKSAPPEAL.COM Trademark on the Principal Register of the United States Patent and Trademark Office, despite being fully aware that LMN owned the rights to SOX APPEAL.  A copy of the application is attached hereto as Exhibit D.

20.     On information and belief, Aleva's legal counsel signed a sworn statement that the applicant knew of "no other" party which "has the right to use" the trademark in all of the United States.  However, LMN had previously advised Aleva that Aleva's use of SOCKSAPPEAL and SOCKSAPPEAL.COM was unauthorized and to cease using the SOCKSAPPEAL.com trademark.

21.     On information and belief, despite the information provided by LMN, Aleva has continued to make, market, and sell socks and stockings bearing Aleva's SOCKSAPPEAL.COM Trademark, including through Aleva's website, SocksAppeal.com, that reaches the states of California, Colorado, Connecticut, Delaware, Kansas, Illinois, Indiana, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, Texas, Virginia, Washington, and Wisconsin, among others.

22.     On information and belief, Aleva has registered domain names incorporating the "SOCKSAPPEAL," including SocksAppeal.com.

23.     The SOCKSAPPEAL.COM Trademark can now be found on the website SocksAppeal.com.

24.     Aleva promotes socks and stockings under the SOCKSAPPEAL.COM Trademark.

25.    LMN and authorized licensees have used the SOX APPEAL Trademark extensively and continuously before Aleva began using the SOCKSAPPEAL.COM Trademark in connection with socks, stockings, and related retail and merchandise.

26.    Aleva's socks and stockings retailing under the SOCKSAPPEAL.COM Trademark is similar to and competes with goods sold and retail services offered by LMN, and the parties' respective goods appear and are sold through overlapping channels of trade.

27.    Aleva's use of a nearly identical, phonetically equivalent, and confusingly similar mark to LMN's SOX APPEAL Trademark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Aleva with LMN, or as to the origin, sponsorship, or approval of Aleva's goods, services or commercial activities by LMN.

28.    The likelihood of confusion, mistake, and deception engendered by Aleva's use of the SOCKS APPEAL Trademark in connection with socks, stockings, and retail services and merchandise associated with or relating to such, is causing irreparable harm to the goodwill associated with the SOX APPEAL Trademark.

## FIRST CLAIM FOR RELIEF (Federal Trademark Infringement)

29.    LMN incorporates by reference the allegations in Paragraphs 1-28.

30.    Aleva's use of a nearly identical and confusingly similar imitation of LMN's SOX APPEAL Trademark, in the form of the SOCKSAPPEAL.COM Trademark, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Aleva with LMN, or as to the origin,

sponsorship, or approval of Aleva's goods, services, or commercial activities by LMN.

31.   Aleva has used marks confusingly similar to LMN's federally registered marks in violation of 15 U.S.C. § 1114, and Aleva's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to LMN's goodwill and reputation as symbolized by the registered SOX APPEAL Trademark, for which LMN has no adequate remedy at law.

32.   Aleva's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with LMN's federally registered SOX APPEAL Trademark to LMN's great and irreparable injury.

33.   Aleva has caused and is likely to continue causing substantial injury to the public and to LMN, and LMN is entitled to injunctive relief and to recover Aleva's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF (Federal Unfair Competition)

34.   LMN incorporates by reference the allegations in Paragraphs 1 through 33.

35.   Aleva's use of confusingly similar imitations of LMN's SOX APPEAL Trademark has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Aleva with LMN, or as to the origin, sponsorship, or approval of Aleva's goods, services or commercial activities by LMN.

36.   Aleva has made false representations, false descriptions, and false

designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Aleva's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to LMN's goodwill and reputation as symbolized by the SOX APPEAL Trademark, for which LMN has no adequate remedy at law.

37.     Aleva's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with LMN's SOX APPEAL Trademark to LMN's great and irreparable injury.

38.     Aleva's conduct has caused, and is likely to continue causing, substantial injury to the public and to LMN, and LMN is entitled to injunctive relief and to recover Aleva's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF (Unfair and Deceptive Trade Practices)

39.     LMN incorporates by reference the allegations in Paragraphs 1 through 38.

40.     Aleva's unauthorized use of the SOCKSAPPEAL.COM Trademark constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including, but not limited to, California, CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE 17500 *et. seq.*; Colorado, COLO. REV. STAT. § 6-1-101 *et seq.*; Illionois, 815 ILL. COMP. STAT. 510/1-7; 815 ILL. COMP. STAT. 505/1-12; 765 ILL. COMP. STAT. 1040/1-9; Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536; Massachusetts, MASS.

GEN. LAWS ch. 93A, § 2(a); Michigan, MCLS Sec. 445.303 *et seq.*; Minnesota, MINN. STAT. §§ 325D.09-16; MINN. STAT. §§ 325D.43-48; New York, N.Y. GEN. BUS. Law § 349; and Ohio, OHIO REV. CODE § 4165.01-.04.

41.     Aleva's unauthorized use of confusingly similar imitations of LMN's SOX APPEAL Trademark has caused and is likely to continue to cause substantial injury to the public and to LMN, and LMN is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorney fees, as well as punitive damages.

## FOURTH CLAIM FOR RELIEF (Common Law Trademark Infringement and Unfair Competition)

42.     LMN incorporates by reference the allegations in Paragraphs 1 through 41.

43.     Aleva's acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion to the irreparable injury of LMN unless restrained by this Court.  LMN has no adequate remedy at law for this injury.

44.     On information and belief, Aleva acted with full knowledge of LMN's use of, and statutory and common law rights to, the SOX APPEAL Trademark, without regard to the likelihood of confusion of the public created by Aleva's activities.

45.     Aleva's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with LMN's SOX APPEAL Trademark to LMN's great and irreparable injury.

46.     As a result of Aleva's acts, LMN has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, LMN is entitled to injunctive

relief, an accounting of Aleva's profits, actual damages, punitive damages, costs, and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, LMN prays that:

1.    Aleva and all of its agents, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Aleva, or in concert or participation with Aleva, and each of them, be enjoined preliminarily and permanently, from:

a.    using the SOCKSAPPEAL.COM Trademark, or any other copy, reproduction, colorable imitation, or simulation of LMN's SOX APPEAL Trademark on or in connection with socks, stockings, and accessories, and any retail services associated therewith;

b.    using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with socks, stockings, and accessories, and any retail services associated therewith that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by LMN, are sponsored or authorized by LMN, or are in any way connected or related to LMN;

c.    passing off, palming off, or assisting in passing off or palming off, Aleva's goods or services as those of LMN, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

d.    attempting to register the SOCKSAPPEAL.COM Trademark, or any

other copy, reproduction, colorable imitation, or simulation of LMN' s SOX APPEAL
Trademark.

2.      Aleva be ordered to abandon, withdraw, or cancel, as the case may be, any
and all trademark applications or registrations anywhere in the world that consist of the
SOCKSAPPEAL.COM Trademark, and consist of socks, stockings, and accessories, and
any retail services associated therewith (or their equivalents);

3.      Aleva be ordered to recall all products, packaging and service offerings
bearing the SOCKSAPPEAL.COM Trademark, or any other confusingly similar mark,
which have been shipped or sent by Aleva or under its authority to any corporate
customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or
marketer, and also to deliver to each customer a copy of any court order for injunctive
relief that may be issued against Aleva;

4.      Aleva be compelled to account to LMN for any and all profits derived by
Aleva from the manufacture, sale, licensing or distribution of infringing goods and/or
services as described in this complaint;

5.      LMN be awarded all damages caused by the acts forming the basis of this
complaint;

6.      Based on Aleva's knowing and intentional use of confusingly similar
imitations of LMN's SOX APPEAL Trademark, the damages award be trebled and the
award of Aleva's profits be enhanced as provided by 15 U.S.C. § 1117(a);

7.      Aleva be required to pay to LMN the costs of and the reasonable attorney
fees incurred by LMN in this action under 15 U.S.C. § 1117(a) and the state statutes cited

in this complaint;

8.     Based on Aleva's willful and deliberate infringement and dilution of LMN's SOX APPEAL Trademark, and to deter such conduct in the future, LMN be awarded punitive damages;

9.     Aleva be required to pay prejudgment interest on all monetary awards; and

10.    LMN have such other and further relief as the Court may deem just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Dated May 31, 2011

BEST & FLANAGAN LLP

By_____
Edward Sheu (MN ID #312885)
225 S. Sixth Street, Suite 4000
Minneapolis, MN 55402
(612) 339-7121
(612) 339-5897 (fax)
esheu@bestlaw.com

ATTORNEYS FOR PLAINTIFF LMN
INDUSTRIES, INC.

1331070

United States Constitution  1787-1987



N⁰ 1457782

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fifteenth day of September, 1987.

**EXHIBIT**

A

Int. Cl.: 42

Prior U.S. Cl.: 101



Reg. No. 1,457,782

## United States Patent and Trademark Office
Registered Sep. 15, 1987

### SERVICE MARK
### PRINCIPAL REGISTER

## SOX APPEAL

SOX APPEAL. INC. (MINNESOTA CORPORA-
TION)
3001 HENNEPIN AVENUE SOUTH
MINNEAPOLIS. MN 55048

FOR: RETAIL STORE SERVICES IN THE
FIELD OF SOX AND HOISERY, IN CLASS 42
(U.S. CL. 101).
FIRST USE 8-16-1984: IN COMMERCE
8-16-1984.

OWNER OF U.S. REG. NO. 572,533.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SOX" , APART FROM THE
MARK AS SHOWN.

SER. NO. 623,246, FILED 10-1-1986.

R. ELLSWORTH WILLIAMS, EXAMINING AT-
TORNEY



Nº 1530923

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenth-first day of March, 1989.

EXHIBIT
B

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,530,923
Registered Mar. 21, 1989

### TRADEMARK
### PRINCIPAL REGISTER

## SOX APPEAL

SOX APPEAL, INC. (MINNESOTA CORPORA-
TION)
3001 HENNEPIN AVENUE SOUTH
MINNEAPOLIS, MN 55408

FOR: WOMEN'S HOSIERY, IN CLASS 25 (U.S.
CL. 39).

FIRST   USE   4-1-1985;   IN   COMMERCE
4-1-1985.
OWNER OF U.S. REG. NO. 572,533.

SER. NO. 627,428, FILED 10-28-1986.

ROBERT C. CLARK JR., EXAMINING ATTOR-
NEY

**Derek Gaskins** (derek@alevastores.com)
Wed 3/23/11 6:30 PM
tundel@q.com

Hi Peter,

I hope your week is off to a good start.  As promised, I wanted to follow up with an email to discuss how we can partner as we both move forward.  I've internally discussed the trademark issue at length and we've come up with a few ideas as to how we could amicably move forward:

1. Purchase - You mentioned selling Sox Appeal.  If this is something you're serious about, we would definitely be interested in discussing this option further.  As you and I discussed, we do have a desire to move forward with a brick-n-mortar sock component to our business so this may be a great fit.

2. Franchise - We could open a Sox Appeal kiosk here in Michigan paying you appropriate royalties while co-marketing our website.  If successful, we could look into strategically branching this concept out to other regions.  I still think a store geared towards the performance side of socks would work in certain markets containing the proper demographic.

3. Royalty - You give us a license to utilize the Sox Appeal trademark and we'll pay a 0.25% royalty on all sales the site generates.

4. License purchase - We'll pay you $5,000 to purchase a license to use the trademark indefinitely for SocksAppeal.com only, of course.

5. Web development - With our e-commerce expertise, we could work with you to build your own e-commerce website.  We would front development costs.  All we would ask is for you to utilize our blind wrap fulfillment services where we would process and ship all orders received from your website.  Our fees for these services typically average around 5-10% above dealer costs.   Our high volume with the manufacturers and carriers allows us to secure maximum discounting and terms which we pass on.  Fees for development services to this extent would typically run in excess of $50,000-75,000 so this is truly quite a gift.  On a side note, we would agree to warehouse the other lines you carry simply mirroring your seasonal PO's to ensure your site is properly representative of your brick-n-mortar offering.  We could also act as a distribution center as you expand your franchise where we would handle all the wholesale orders to these stores.

6. Association - You grant us permission to operate SocksAppeal.com and we agree to promote your 2 locations and any future franchise locations that may open.  One caveat here - we would need you to represent performance lines you don't currently carry as well as compression products.  These products, while fairly niche, have very high margins and are fueled by 2 of the most rapidly growing demographics.  With our expertise on compression and performance hosiery, we could help you enter this world quite effectively.

Please take some time to ponder these ideas.  I'm, of course, open to any new ideas or variations on the above you may have.  Once you review, let me know which option(s) are the most appealing (no pun intended) to you.  At that point, I think it would be smart for myself and Carl LoPiccolo, VP Business Development, to pay you a visit, tour your stores and sit down to discuss at length.  We both feel our happenstance meeting is quite serendipitous and are excited to see where our discussions take us. This could be the dawning of a long, fruitful relationship.

I look forward to hearing from you soon.  Have a wonderful day!

Cheers,



**EXHIBIT**

C

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed May 25 04:05:46 EDT 2011*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# SOCKSAPPEAL.COM

| | |
|---|---|
| **Word Mark** | SOCKSAPPEAL.COM |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store and online retail stores featuring socks. FIRST USE: 20090601. FIRST USE IN COMMERCE: 20110307 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85305556 |
| **Filing Date** | April 27, 2011 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) American Medical Services CORPORATION MICHIGAN 1827 Northfield Drive Rochester Hills MICHIGAN 48309 |
| **Attorney of Record** | Raj Abhyanker |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



EXHIBIT

D